E-FILED
Wednesday, 30 July, 2008  01:01:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 98-40024-001 |
| MONTE J. FAUSETT, | ) |
| Defendant, | ) |
| T&E INVESTMENT GROUP LLC (ROBERTS INVESTMENT GROUP), | ) |
| Garnishee. | ) |

### MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
### FOR WRIT OF CONTINUING EARNINGS GARNISHMENT

This garnishment proceeding is brought pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §3001 et. seq. (hereinafter cited by section number only)

1. As required by §3205(b)(1)(B), the government has made a demand for payment. At least 30 days have elapsed since the demand and the defendant has not paid the amount due.

2. The Application contains the necessary information required by §3205(b)(1).

3. In accordance with §3002(9) and the Consumer Credit Protection Act (15 U.S.C. §1673), the government is requesting that the garnishee withhold nonexempt disposable earnings being the lesser of 25% of the defendant's disposable earnings or the amount by which the weekly disposable earnings exceed 30 times the federal minimum wage.

4. Section 3205(c)(1) provides that if the Court determines that the requirements of §3205 are satisfied, the Court shall issue the appropriate writ of garnishment.

5. The Writ that the government has prepared conforms to the requirements of §3205(c)(2)(A-F).

2

6. Section 3202(b) provides that the Clerk shall issue a notice prepared by the counsel for the United States informing the defendant of certain rights and exemptions.

7. The notice "Clerk's Notice of Post Judgment Continuing Earnings Garnishment" contains the statutory language of §3202(b).  The summary of exemptions states only the exemptions applicable to earnings pursuant to §3002(9), 18 U.S.C. §3613(a)(3) and 15 U.S.C. §1673.  Furthermore, the United States contends that the Clerk's Notice on the transfer of a case upon the request of the defendant does not apply.  The transfer provisions in the Clerk's Notice are inconsistent with the procedures set out in 18 U.S.C. §§ 3611-15.  The mandatory transfer of a garnishment proceeding would curtail or limit the government's right to collect a criminal monetary judgment and the Court's continuing jurisdiction to enforce its judgment.  In accordance with 28 U.S.C. § 3001(b) and § 3003(b)(2), the Clerk's Notice should not be construed to curtail or limit the rights of the United States or the jurisdiction of the Court.

8. After the Application is filed and the Order for the Writ is signed by the Court, the Writ and Notice should be issued by the Clerk.

9. The United States will then serve a copy of these documents and supplementary information required by §3205(c)(3)(A & B) on the garnishee and the defendant.

        Respectfully submitted,

        **RODGER A. HEATON**
        **UNITED STATES ATTORNEY**

DATE: July 30, 2008

        s/James A. Lewis
        James A. Lewis, NC Bar # 5470
        Attorney for Plaintiff
        United States Attorneys Office
        318 S. 6th Street
        Springfield, Illinois 62701
        Tel: 217-492-4450
        Fax: 217-492-4888 or 4580
        E-Mail: Jim.Lewis2@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing **MEMORANDUM**, has been made by placing in the United States mail, postage prepaid, addressed to:

>MONTE J. FAUSETT
>1600 N. 9th Street Apt. 914
>Midlothian, TX 76065
>
>T&E INVESTMENT GROUP LLC
>(ROBERTS INVESTMENT GROUP)
>Attn:  Tim Roberts, President
>902 N. Highway 67 Suite 2
>Cedar Hill, TX 75104

DATE: July 30, 2008

>s/James A. Lewis
>James A. Lewis, NC Bar # 5470
>Attorney for Plaintiff
>United States Attorneys Office
>318 S. 6th Street
>Springfield, Illinois 62701
>Tel: 217-492-4450
>Fax: 217-492-4888 or 4580
>E-Mail: Jim.Lewis2@usdoj.gov